J. S21041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
WALTER HARRIS, : No. 1738 WDA 2017
:
Appellant :

Appeal from the PCRA Order, October 10, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0009183-1997

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 6, 2018**

Walter Harris appeals *pro se* from the order filed in the Court of Common Pleas of Allegheny County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The record reflects that due to offenses committed on July 15, 1997, appellant was charged with two counts of burglary, eight counts of robbery, eleven counts of unlawful restraint, one count of criminal conspiracy, one

count of persons not to possess a firearm, and one count of prohibited offensive weapon.[1]

On June 22, 1998, appellant entered a plea of **nolo contendere** to all charges. On August 20, 1998, the trial court entered a negotiated sentence in which appellant was sentenced to concurrent terms of 6 to 18 years' imprisonment for two of the robbery counts and a concurrent term of 6 to 12 years for one of the burglary counts. There were no further penalties on the other convictions. Appellant did not file a direct appeal.

On October 13, 1998, appellant filed a **pro se** PCRA petition. The PCRA court appointed counsel for appellant. On November 1, 1999, appellant moved for a 60-day extension of time to file an amended PCRA petition after receipt of the plea transcript. On February 8, 2000, the Commonwealth moved to dismiss the petition on the basis that the amended petition had not been filed. In an order dated January 3, 2002, the PCRA court granted appellant's motion to award him credit for time served from July 15, 1997, the date of the incident. On April 10, 2003, appellant petitioned for reconsideration/modification of sentence, which the PCRA court denied on June 4, 2003.

On March 16, 2005, appellant filed a second **pro se** PCRA petition. On April 15, 2005, the PCRA court appointed counsel to represent appellant. On April 4, 2006, appointed counsel requested leave to withdraw pursuant to

---

[1] 18 Pa.C.S.A. §§ 3502, 3701, 2902, 903, 6105, and 908, respectively.

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988), because appellant's claims were either frivolous or not cognizable under the PCRA. On May 11, 2006, the PCRA court filed its notice of intent to dismiss the petition. On June 24, 2006, the PCRA court dismissed appellant's petition.[2]

On May 3, 2012, appellant filed another *pro se* PCRA petition. On August 10, 2012, the PCRA court filed its notice of intent to dismiss the petition because it was untimely. On September 11, 2012, the PCRA court dismissed the petition. Appellant appealed to this court. On September 24, 2013, this court affirmed the dismissal of the petition on the basis that the petition was untimely and that appellant had failed to adequately plead and prove that he was entitled to proceed under an exception to the PCRA's timeliness requirements. The Pennsylvania Supreme Court denied appellant's petition for allowance of appeal on July 8, 2014. *Commonwealth v. Harris*, No. 1767 WDA 2012, unpublished memorandum (Pa.Super. filed September 24, 2013), *appeal denied*, 95 A.3d 276 (Pa. 2014).

On July 14, 2017, appellant filed the PCRA petition that is before this court. On July 28, 2017, the PCRA court provided appellant with notice that it intended to dismiss the petition on the basis that it was untimely. In an

---

[2] Appellant filed a notice of appeal on July 21, 2006, though it appears that he did not pursue that appeal.

order dated October 10, 2017, the PCRA court dismissed the petition. Appellant filed a notice of appeal on October 30, 2017. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and did not file an opinion.

Appellant raises the following issues for this court's review:

  I.    Whether [a]ppellant has the right to be allowed to answer the Notice of Intention to Dismiss?

  II.   Whether the [PCRA] court erred in denying the post[-]conviction motion as being untimely?

  III.  Whether the [PCRA] court erred in barring the motion as being successive?

  IV.   Whether the [PCRA] court erred in not addressing [a]ppellant's [m]otion on its [m]erits?

Appellant's brief at 1.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Id.* at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal

- 4 -

> error. ***Commonwealth v. Jermyn***, 709 A.2d 849,
> 856 (Pa. 1998).
>
> A PCRA petition, including a second or subsequent
> petition, must be filed within one year of the date
> that judgment of sentence becomes final.
> 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes
> final for purposes of the PCRA "at the conclusion of
> direct review, including discretionary review in the
> Supreme Court of the United States and the
> Supreme Court of Pennsylvania, or the expiration of
> time for seeking the review." 42 Pa.C.S.[A.]
> § 9543(b)(3). PCRA time limits are jurisdictional in
> nature, implicating a court's very power to
> adjudicate a controversy. ***Commonwealth v. Fahy***,
> 737 A.2d 214 (Pa. 1999). Accordingly, the "period
> for filing a PCRA petition can be extended only if the
> PCRA permits it to be extended, ***i.e.***, by operation of
> one of the statutorily enumerated exceptions to the
> PCRA time-bar. ***Id.*** at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***,

135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits,

we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or

her judgment of sentence becomes final in which to file a PCRA petition.

This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a
> judgment of sentence becomes final at the
> conclusion of direct review or when the time seeking
> direct review expires. ***See*** 42 Pa.C.S.A.
> § 9545(b)(3). In fixing the date upon which a
> judgment of sentence becomes final, the PCRA does
> not refer to the conclusion of collateral review or the
> time for appealing a collateral review determination.
> Thus, the plain language of the PCRA statute shows
> that a judgment of sentence becomes final
> immediately upon expiration of the time for seeking

> direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. ***See Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court sentenced appellant on August 20, 1998. He did not file a direct appeal. His judgment of sentence became final on September 21, 1998, which was the end of the period for filing a direct appeal.[3] ***See Commonwealth v. Liebensperger***, 904 A.2d 40, 46 (Pa.Super. 2006). Appellant filed the current PCRA petition on July 14, 2017, more than 18 years after his judgment became final and more than 17 years after a PCRA petition could be considered timely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year time limit. A petitioner must plead and prove that he meets one of the following exceptions to the time requirement:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[3] September 19, 1998, was a Saturday so the actual deadline became the next business day, September 21, 1998. ***See*** 1 Pa.C.S.A. § 1908.

> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Here, appellant, who is currently incarcerated in federal prison,[4] asserts that he sought to obtain a classification for a lower level federal facility, but the unit secretary, Mrs. Stubbs, told him that he could not get too low a score for classification because of the violence of the crimes for which he has filed the current petition. He alleges that Mrs. Stubbs later confirmed that his detainer for a parole violation and the violence described in the pre-sentence investigation report ("PSI") here would hinder him from obtaining a lower score for the remainder of time in the Federal Bureau of Prisons unless the parole detainer is lifted or the convictions at issue here

---

[4] Although appellant is in a federal facility, he committed the federal crime for which he was convicted while on parole from the sentence at issue here. Appellant mentions that the detainer from the Pennsylvania Board of Probation and Parole is one reason that his score will not get low enough in federal prison to move to a lower level federal facility.

are vacated or dismissed. Appellant asserts that while the PSI describes his threatening victims with a loaded shotgun, he was not mentioned as striking or threatening anyone in any interviews and that he never pleaded guilty to the violence described in the PSI.

Apparently, appellant is claiming that he meets the exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii) that there are unknown facts which he has discovered that allow him to proceed with an untimely PCRA petition. This court does not agree. Any facts concerning his score at the Federal Bureau of Prisons have no bearing on his 1998 convictions. Further, to the extent he is claiming that the violence described in the PSI is a new fact, the trial court specifically referred to the PSI at the sentencing hearing, and appellant and/or his counsel could have read the contents of the PSI and informed the trial court of the error at that time. Appellant has not successfully pled or proved that he meets the exception to the timeliness requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2018

- 8 -